**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**LOUIS J. DEL GIORNO,**

    **Plaintiff,**

    v.                                      **CIVIL ACTION NO. 3:12-cv-132
                                                      (JUDGE GROH)**

**WEST VIRGINIA BOARD OF MEDICINE,**

    **Defendant.**

## REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO 42 U.S.C. § 1983 [30] BE DENIED

### *I. INTRODUCTION*

This matter comes before the Court on Defendant's Motion for Attorneys' Fees and Costs Pursuant to 42 U.S.C. § 1983 filed on September 6, 2013. (ECF No. 30). Plaintiff filed a Response in opposition to Defendant's motion on October 25, 2013. (ECF No. 34). Defendant filed their Reply to Plaintiff's response on October 29, 2013. (ECF No. 36). Plaintiff then filed a second Response to Defendant's Reply on November 12, 2013. (ECF No. 37). The Court held an evidentiary hearing and argument on Defendant's Motion on December 3, 2013. Plaintiff appeared *pro se* and Defendant appeared by Bridget M. Cohee, Esquire. Both parties appeared by telephone. No additional testimony or evidence was presented at the hearing.

*A. Background*

Plaintiff worked as a practicing physician in the State of West Virginia. (Compl. at 2, ECF No. 1). A complaint was filed against Plaintiff to the WVBOM alleging that Plaintiff failed to properly screen patients for potential drug abuse prior to prescribing them medication. (*Id.* at

3). After an Administrative Hearing, a Hearing Examiner for the West Virginia Board of Medicine ("WVBOM") ruled that Plaintiff be placed on probation and surrender his license to prescribe controlled substances. (*Id.* at 2). The WVBOM overruled the Hearing Examiner's recommendation of probation and voted to permanently revoke Plaintiff's medical license after finding that he engaged in "an overall pattern of extremely dangerous practices," which included prescribing controlled substances to patients alleged to be struggling with drug addiction. (Def.'s Mot. to Dismiss at 2, ECF No. 15).

### B. *Procedural Posture*

Plaintiff filed a *pro se* Complaint against the WVBOM on November 13, 2012 alleging: (1) violation of the Supremacy Clause of Article VI of the U.S. Constitution; (2) violation of the Equal Protection Clause of the 14th Amendment to the U.S. Constitution; (3) violation of the Double Jeopardy Clause of the 5th Amendment; (4) violation of the Due Process Clauses of the 5th and 14th Amendments; (5) violation of "Rule 802 regarding Hearsay Evidence;" (6) violation of "Rules 615 and 702 regarding testimony and sequestration of witnesses," as well as the Confrontation Clause of the 6th Amendment; (7) violation of "Rules 103 and 104b regarding Rulings on Evidence and Relevance that depends on fact." Plaintiff sought a declaratory judgment reinstating his medical license and compensatory and punitive damages. (ECF No. 1).

Defendant filed a Motion to Dismiss on March 20, 2013 requesting the Complaint be dismissed based on Eleventh Amendment immunity, failure to state a claim for which relief may be granted and lack of jurisdiction. (ECF No. 15 at 2). The Court granted Defendant's Motion to Dismiss on May 15, 2013. (ECF No. 21). According to the Court's Order, the Complaint was "facially deficient pursuant to Federal Rule of Civil Procedure 12(b)(6) insomuch as it fails to

state a claim upon which relief may be granted." (*Id.* at 5). Plaintiff appealed to the Fourth Circuit, which affirmed on all issues without discussion on August 26, 2013. (ECF No. 28).

On November 18, 2013, Plaintiff subsequently filed his petition for a writ of certiorari and motion for leave to proceed in forma pauperis to the United States Supreme Court. Del Giorno v. W. Va. Board of Medicine, 3:12cv132 (N.D.W. Va. filed Nov. 11, 2012), *petition for cert. filed*, (U.S. Nov. 18, 2013) (No. 13-7756). Plaintiff's motion for leave to proceed in forma pauperis was denied on February 24, 2014. Plaintiff's motion for reconsideration of the Court's order denying leave to proceed in forma pauperis was denied on April 7, 2014. In denying the motion for leave to proceed in forma pauperis, the February 24, 2014 order directed Plaintiff to pay the docketing fee pursuant to Rule 38(a) and to submit a petition in compliance with Rule 33.1 of the Rules of the Supreme Court by March 17, 2014. Plaintiff filed an application for an extension of time (No. 13A940) within which to comply with the order, which was granted on March 19, 2014. On May 2, 2014, Plaintiff filed an application requesting a second extension of time within which to comply with the February 24, 2014 order, which was granted by The Chief Justice on May 12, 2014. Plaintiff now has until July 15, 2014 to comply with the order.

*C. The Motion*

Defendant's Motion for Attorneys' Fees and Costs Pursuant to 42 U.S.C. § 1983. (ECF No. 30).

*D. Recommendation*

The undersigned recommends that Defendant's Motion for Attorneys' Fees and Costs Pursuant to 42 U.S.C. § 1983 [30] be **DENIED** because the Plaintiff's § 1983 action, filed *pro se*, is not frivolous, groundless or without foundation.

## II. DISCUSSION
### A. *Contentions of the Parties*

Defendant states that 42 U.S.C. § 1983 "allows an attorney who prevails in a 42 U.S.C. § 1983 action to seek to recover attorney fees." (Def.'s Mot. at 1, ECF No. 30). Defendant is seeking attorneys' fees and costs in the amount of $26,868.17 for the costs incurred defending Plaintiff's original complaint in District Court and the resulting appeal to the Fourth Circuit. (*Id.*). In Defendant's Reply to Plaintiff's Motion to Dismiss Defendant's Motion for Attorneys' Fees and Costs, Defendant asserts that Plaintiff presented frivolous civil rights claims, which entitles them to attorneys' fees pursuant to *Christiansburg Garment Co. v. EEOC*, 434 (U.S. 412, 421 (1978). (Def.'s Reply at 1-2, ECF No. 36). Defendant further argues their request for attorneys' fees are reasonable in light of the twelve factors set forth in *City of Riverside v. Rivera*, 477 U.S. 561 (1986).

Plaintiff requests that the Court dismiss the Defendant's Motion for Attorneys' Fees stating that 42 U.S.C. § 1983 only allows for attorneys' fees to the prevailing party "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation..." (Pl.'s Mot. at 1, ECF No. 34). Plaintiff further states that "[t]he action brought against the defendant was brought in a sincere effort to restore the plaintiff's status as a licensed physician following an action he maintains was unjustified." (Pl.'s Mot. at 2). Plaintiff further explains that because the Court "took the time to research a cogent argument" to dismiss his complaint that this indicates his complaint was not frivolous. (*Id.*). Moreover, Plaintiff argues that attorneys' fees must be reasonable and the amount of time spent defending his *pro se* complaint (i.e., 158 hours) is not reasonable. (*Id.*). Lastly, Plaintiff states that he has "no means to pay such a judgment" as a result of losing his license to practice medicine. (*Id.*).

B. *Legal Analysis*
   1. **Recovery of Attorneys' Fees by Prevailing Defendant Pursuant to 42 U.S.C. § 1983 when Plaintiff Asserts Frivolous Claims**

Title 42, United States Code, Section 1988(b) provides, "[i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title...the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Section 1988 allows either prevailing plaintiffs or defendants in § 1983 actions to recover attorneys' fees. *See Hutchinson v. Staton*, 994 F.2d 1076, 1080 (4th Cir. 1993). In order for a prevailing defendant to recover attorneys' fees, the defendant must demonstrate that the plaintiff's § 1983 suit was frivolous, groundless or without foundation. *See Fox v. Vice*, 131 S. Ct. 2205, 2211 (2011); *Hughes v. Rowe*, 449 U.S. 5, 14 (1980); *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). The Supreme Court has recently held that "a court may grant reasonable fees to the defendant...but only for costs that the defendant would not have incurred but for the frivolous claims. A trial court has wide discretion in applying this standard." *Fox*, 131 S. Ct. at 2211.

The standard for assessing a motion for an award of attorneys' fees to a prevailing defendant in a § 1983 action was originally articulated in the *Christiansburg* case. The Supreme Court held in *Christiansburg* that a district court has discretion to award attorneys' fees to a prevailing defendant in a Title VII case if the "plaintiff's action was frivolous, unreasonable, or without foundation." *Christiansburg Garment Co.*, 434 U.S. at 421. Following *Christiansburg*, the Supreme Court found "no reason for applying a less stringent standard" for § 1983 cases. *Hughes*, 449 U.S. at 14. The Court explained that for the defendant to recover attorney's fees under § 1983, "[t]he plaintiff's action must be meritless in the sense that it is groundless or

without foundation. The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *Id.*

In *Hughes*, a *pro se* prisoner filed a § 1983 claim alleging he was placed in segregation without a hearing and that the disciplinary hearing, held after he was segregated, was conducted by correctional officers biased against him. *Id.* at 7. The district court dismissed Plaintiff's complaint and the Court of Appeals affirmed. *Id*. The defendants then moved for attorneys' fees and costs, which were granted by the district court and affirmed on appeal. *Id.* at 14. The Supreme Court reversed and in vacating the award of attorneys' fees for the defendants found that the plaintiff's § 1983 claim was not groundless or meritless. *Id.* at 15. The Court reasoned that the fact that a plaintiff's § 1983 action was dismissed for failure to state a claim pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) does not automatically indicate a plaintiff's case is groundless or frivolous. *Id.* The Court further explained that:

> [e]ven those allegations that were properly dismissed for failure to state a claim deserved and received the careful consideration of both the District Court and the Court of Appeals. Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by *Christiansburg*.

*Id.* at 15-16. In explaining their reasoning, the Supreme Court also pointed to the careful attention the district court gave in dismissing the plaintiff's claim by producing a seven-page opinion. *Id.* at 16, n. 13.

Additionally, the *Hughes* opinion specifically noted the importance of liberally construing complaints filed by *pro se* prisoners. *Id.* at 15 (*citing Haines v. Kerner,* 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972)). The Court stated that "[a]n unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." *Id.* Moreover, the Fourth Circuit has stated that "the *Christiansburg* standard is applied with

particular strictness when the plaintiff is proceeding pro se." *Vester v. Murray*, 878 F.2d 380 (4th Cir. 1989) (unpublished opinion); *see also Miller v. Los Angeles Cnty. Bd. of Educ.*, 827 F.2d 617, 620 (9th Cir. 1987) (stating that "pro se plaintiffs cannot simply be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a claim").

In addition, the Fourth Circuit has described an award of attorney's fees and costs to a prevailing defendant as an "extreme sanction." *See Unus v. Kane*, 565 F.3d 103, 127 (4th Cir. 2009) (*quoting Jones v. Continental Corp.,* 789 F.2d 1225, 1232 (6th Cir. 1986) ("describing fee award to civil rights defendant as 'extreme sanction' reserved only for 'truly egregious cases of misconduct.'"). The Fourth Circuit has also stated that when considering a prevailing defendant's motion for attorney's fees, "the district court should consider not only the deterrent effect of such an award against [the plaintiff] and other future claimants" but also the "chilling effect" on other potential civil rights plaintiffs. *Lotz Realty Co., Inc. v. U.S. Dep't of Housing and Urban Development*, 717 F.2d 929, 932 (4th Cir. 1983).

When reviewing a defendant's motion for attorneys' fees, the Fourth Circuit explained that "the district court carefully analyzes plaintiffs' legal claim, the evidence adduced in support of that claim, and when plaintiffs should have realized that the claim was groundless." *Hunt v. Lee*, 166 F. App'x 669, 671 (4th Cir. 2006) (*citing Hutchinson*, 994 F.2d at 1079). In the present case, Plaintiff raises seven (7) legal claims in his Complaint. In sum, the legal claims are that the WVBOM violated Plaintiff's rights when they "overruled the recommendation of their own Hearing Examiner and voted to permanently revoke [his] license;" that the WVBOM acted in a prejudicial manner by "singling out" Plaintiff and not investigating similar complaints against other physicians; and that a number of problems occurred during his administrative hearing

7

before the WVBOM Hearing Examiner. (Compl., ECF No. 1). Even though Plaintiff's claims were dismissed by the District Court for failure to state a claim for which relief may be granted, the dismissal does not automatically mean that such claims are frivolous or groundless. Moreover, the Court produced a thorough thirteen (13) page Order assessing each of Plaintiff's claims. While Plaintiff's Complaint is facially deficient under Rule 12(b)(6), the underlying allegations raised by Plaintiff each relate to the revocation of his medical license under a procedure that Plaintiff perceived as unfair, discriminatory and a violation of due process. In regard to the factual evidence in support of Plaintiff's claims, such evidence is limited as Defendant immediately filed the Motion to Dismiss after being served with the Complaint and no additional evidence was presented during the evidentiary hearing. However, Plaintiff does outline the series of events leading to the revocation of his license and the process followed by the WVBOM in his Complaint. Lastly, no evidence was presented demonstrating that the alleged frivolousness of Plaintiff's claims were brought to his attention or that Plaintiff repeatedly brought claims against Defendant despite requests to cease the action.[1]

While Plaintiff incorrectly applied the law and insufficiently pled the facts related to each claim in his Complaint, the Court recognizes that Plaintiff, even though highly educated as a medical doctor, is still proceeding *pro se* with a limited understanding of the law and legal principles. Such an "extreme sanction" against a civil rights plaintiff, particularly a plaintiff proceeding *pro se*, is unwarranted. Accordingly, the Court finds that Plaintiff's claims against Defendant are not frivolous, unreasonable or groundless as required under the *Christiansburg* standard to justify an award of attorneys' fees and costs to Defendant.

---

[1] *Cf. Baasch v. Reyer*, 846 F. Supp. 9, 11 (E.D.N.Y. 1994) (awarding prevailing defendants' attorneys' fees against a *pro se* plaintiff who brought a § 1983 action claiming a liquor store and police officers were conspiring against him to violate his constitutional rights. The district court explained they awarded the fees because "even after defendants repeatedly requested that Baasch discontinue this baseless action, pointing out to him that his position was untenable, he refused to do so. Moreover, as evidenced by his Rule 59 motion, it is clear to this Court that Baasch will not refrain from bringing frivolous actions without the threat of monetary penalty.")

### *III. RECOMMENDATION*

The undersigned recommends that Defendant's Motion for Attorneys' Fees and Costs [30] be **DENIED** because Plaintiff's §1983 action, filed *pro se*, is not frivolous, groundless or without foundation as defined by the *Christiansburg* standard for awarding attorneys' fees to prevailing defendants.

Any party who appears *pro se* and any counsel of record, if applicable, may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in a waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Report and Recommendation to parties who appear *pro se* and any counsel of record, as applicable.

**DATED**: June 3, 2014

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE